[Civ. No. 13503.   Second Dist., Div. Two.   May 5, 1942.]

Estate of JOHN E. KENNEDY, Deceased. A. B. ROGERS et al., Appellants, v. CELIA KENNEDY, Respondent.

John P. Tobin for Appellants.

Wyckoff Westover for Respondent.

WOOD (W. J.), J.—This is an appeal by beneficiaries named in the will of John E. Kennedy, deceased, from an order of the probate court directing that petitioner be given a widow's allowance in the sum of $100 a month, not to exceed twelve months. John E. Kennedy died on October 23, 1940, leaving an estate appraised at $4,940.75. His will, in which no provision is made for petitioner, was admitted to probate

on December 3, 1940. In this appeal it is contended by appellants that the evidence is insufficient to justify an allowance for petitioner.

Petitioner and decedent were married on September 18, 1918. Petitioner testified that for a short time after their marriage she and decedent lived together on Grand Avenue in Los Angeles until she became ill, when she was sent home by decedent "because he had no one to care for me." Subsequently they again resided together at 49th Street and Western Avenue in Los Angeles until decedent again sent her home, telling her that he was going to Arizona. Thereafter, although they did not reside in the same house, they had sexual relations at various times at a hotel. These relations continued until petitioner became paralyzed, eight or ten years before the court hearing. Petitioner also testified that she was without means, that she had worked for the telephone company from 1918 to 1924 and that she had been supported by her brother since 1925.

Petitioner relies upon section 680 of the Probate Code which provides that during the progress of the settlement of the estate the "widow and minor children are entitled to such reasonable allowance out of the estate as shall be necessary for their maintenance according to their circumstances. . . ." There was no evidence before the court that a divorce decree had been entered or that a property settlement had been made waiving a widow's allowance. Petitioner was unquestionably the widow of decedent and was penniless and without means of supporting herself. The order is supported by the evidence.

The order is affirmed, respondent to recover her costs on appeal from appellants.

Moore, P. J., and McComb, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 2, 1942.